[No. 24259. Department One. April 13, 1933.]

PACIFIC MARKET COMPANY, *Respondent,* v. J. C. SCHNEIDER, *Appellant,* HOME PACKING COMPANY *et al., Respondents.*[1]

*C. T. McDonald,* for appellant.

*E. B. Quackenbush, Luby & Pearson, James P. Dillard,* and *Davis, Heil & Davis,* for respondents.

[1]Reported in 20 P. (2d) 1117.

MITCHELL, J.—From August, 1926, to August 28, 1931, J. C. Schneider and Pete Heisler, one or both, carried on a retail market under the assumed name of Blue Diamond Market, in Spokane, Washington, without filing any certificate designating the assumed name of the business and the name or names of the parties carrying on the business, with their postoffice addresses, as required by Rem. Rev. Stat., § 9976.

On August 28, 1931, J. C. Schneider executed and delivered to the Pacific Market Company, a corporation, a written option to purchase the market, stock of merchandise and fixtures, and delivered possession of the property to the Pacific Market Company. Within a few days, a number of creditors presented bills and made demands for payment on account of supplies and merchandise theretofore furnished the market. Thereupon, the Pacific Market Company brought this action in interpleader, deposited with the court the total amount to be paid under the option agreement, and demanded that Schneider execute and deliver a proper bill of sale conveying the property to the plaintiff, and that the money deposited be distributed to the creditors and all parties interested, as their several interests should appear. All the parties interested appeared and tried out the issues presented by them. The decision and judgment was, among other things, that the money should be delivered to the several creditors in amounts specified, and that the remainder should go to J. C. Schneider. J. C. Schneider has appealed, claiming that he is entitled to the whole fund.

The single assignment of error is discussed under the assertion:

"This case was tried by the court and is appealed on the facts. The question is essentially simple. Did Schneider and Heisler form a partnership in February, 1931?"

Admittedly, Schneider and Heisler had been partners, but appellant claims the relation had ended early in 1930; that it was not thereafter renewed; and that the circumstances of the litigation were such that appellant should prevail, unless it be found and decided as a fact that the partnership was renewed and existed on or about February, 1931.

In part, the evidence showed that, at about that time, Schneider and Heisler both gave their personal attention to the business; that Schneider paid the 1930 and 1931 personal property taxes on the property out of his own money; that he listed and verified the assessment of the property about the first of March, 1931; and that he directed and paid out of the business only part of the rent for March, 1931. The trial court decided that

"Schneider went back in the business in February, 1931, took his place behind the counter, handled the cash, handled the deposits, deposited the cash, used the bank book to keep his accounts in—the bank book of the business."

True, there was evidence to the contrary, but upon the whole record it appears that the decision and judgment are supported by a clear preponderance of the evidence.

Affirmed.

BEALS, C. J., MILLARD, and HOLCOMB, JJ., concur.